PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a piece of concrete while she was traveling northbound on U.S. Route 119 between Davis Creek and Ashton Place in Kanawha County. U.S. Route 119 is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on January 25, 2003, at about 12:45 p.m. The claimant, JessicaS. Graney, was traveling northbound on U.S. Route 119 between Davis Creek and Ashton Place in her 1998 Volvo S70. U.S. Route 119 is a four lane highway in the area of the incident involved with this claim. Claimant testified that she was driving between forty and fifty miles per hour in the left lane, with traffic in front, to the right, and behind her. Claimant saw something in the middle of the road ahead of her, but due to the traffic around her had no choice but to proceed. She ran over the object which she later determined as being a piece of concrete that she estimated to be about twelve inches long by twelve inches wide by twelve inches high. Claimant’s vehicle sustained damage to both left side tires and a rim. The damage sustained totaled $655.02.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 119 at the site of the claimant’s accident for the date in question.
Franklin D. Ball, a maintenance supervisor for the respondent, testified that he first became aware of the situation when he received a phone call from respondent’s Boone County office at 1:45 p.m. on the afternoon of January 25, 2003. He then *159 proceeded to the site of the incident on U.S. Route 119, where a Courtesy Patrol truck had already removed the piece of concrete from the highway that claimant’s vehicle had struck. At this point, Mr. Ball put the piece of concrete into his truck and returned to his department headquarters to get cold-mix to patch the hole where the piece of concrete had been dislodged. Prior to the phone call that Mr. Ball received from the Boone County office, there had been no notice of the condition in the road at the location in question.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that the respondent did not have actual or constructive notice of any road hazard on U.S. Route 119. Respondent did not have ample opportunity to make repairs. Thus, the claimant is not entitled to an award for her losses.
In the instant case, the evidence established that the respondent did not have actual or constructive notice of a piece of concrete on U.S. Route 119 prior to the incident in question. Further, the evidence established that when respondent was notified of the situation, respondent’s employees took reasonable steps to ensure the safety of U.S. Route 119 in Kanawha County. Consequently, there is insufficient evidence of negligence upon which to justify an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.